# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **ElectraLED, Inc.,**<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**LMPG Inc.,**<br><br>      **Defendant.** | **Case No. 2:25-cv-00338-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

In accordance with the governing Docket Control Order (Dkt. No. 22), and further pursuant to Local Patent Rule 4-3, Plaintiff ElectraLED, Inc. ("Plaintiff"), together with Defendant LMPG Inc. ("Defendant") (together, the "Parties") respectfully submit this Joint Claim Construction and Prehearing Statement.

For the benefit of the Court, the Asserted Patent is as follows: U.S. Patent Nos. 7,651,245 (the "'245 Patent") and 9,618,187 (the "'187 Patent"). The Asserted Claims are as follows: Claim 21 of the '245 Patent and Claim 1 of the '187 Patent.

### I.    P.R. 4-3(a)(1): Agreed Constructions

The Parties do not identify any agreed claim constructions.

### II.    P.R. 4-3(a)(2): Disputed Constructions

The Parties dispute the construction of the following claim terms:

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "an array of fins extending rearward from the flange to define a rear | Plain and ordinary meaning.<br><br>**Intrinsic Evidence** | "an array of fins extending rearward from the flange to substantially demarcate and form the boundaries of a rear receptacle that |

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT                    1

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| receptacle that extends forward towards the flange" ['245 Patent, Claim 21] | '245 Patent, Abstract, 1:26-9:67, cl. 1-28; Figs. 1-9; '187 and related patent file histories. | extends forward towards the flange" **Intrinsic Evidence** • '245 Patent, Abstract, 1:26-2:7, 3:1-4:4, 4:18-39, 8:13-45, Figs. 1-8. • '245 file history, including, e.g., Patent Application filed June 13, 2007 (U.S. Application No. 11/818,216), Non-Final Office Action, dated Jan. 29, 2009 (U.S. Application No. 11/818,216), Applicant's Reply to Non-Final Office Action with Amendments, dated July 6, 2009 (U.S. Application No. 11/818,216), and Notice of Allowance, dated Sept. 9, 2009 (U.S. Application No. 11/818,216). **Extrinsic Evidence:** • American Heritage Dictionary (4th ed. 2006): (definition of "receptacle") ("a container that holds items or matter"). See LMPG_0007859-7861 • Collins English Dictionary (2005): (definition of "receptacle") ("an object that holds something"). See LMPG_0007862-7864 • Collins English Dictionary (2005): (definition of "define") ("to determine the boundary or extent of") ("to delineate or form the outline of"). See LMPG_0007871-7873 • The New Oxford American Dictionary (2005): (definition of "define") ("mark out the boundary or limits of") ("make clear the outline of; delineate"). See LMPG_0007874-7876 |
| "a power supply residing within the | Plain and ordinary meaning. | "a power supply situated within fin-defined boundaries of the rear receptacle" |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| rear receptacle" <br><br> ['245 Patent, Claim 21] | **Intrinsic Evidence** <br><br> '245 Patent, Abstract, 1:26-9:67, cl. 1-28; Figs. 1-9; '187 and related patent file histories. | **Intrinsic Evidence** <br><br> • '245 Patent, Abstract, 1:50-58, 1:65-2:7, 2:33-53, 3:1-17, 3:47-60, 4:12-36, 4:49-53, 8:34-40, Figs. 1-8. <br> • '245 file history, including, e.g., Patent Application filed June 13, 2007 (U.S. Application No. 11/818,216), Non-Final Office Action, dated Jan. 29, 2009 (U.S. Application No. 11/818,216), Applicant's Reply to Non-Final Office Action with Amendments, dated July 6, 2009 (U.S. Application No. 11/818,216), and Notice of Allowance, dated Sept. 9, 2009 (U.S. Application No. 11/818,216). <br><br> **Extrinsic Evidence:** <br><br> • American Heritage Dictionary (4th ed. 2006): (definition of "receptacle") ("a container that holds items or matter"). See LMPG_0007859-7861 <br><br> • American Heritage Dictionary (4th ed. 2006): (definition of "reside") ("to be inherently present"). See LMPG_0007865-7867 <br><br> • Collins English Dictionary (2005): (definition of "receptacle") ("an object that holds something"). See LMPG_0007862-7864 |
| "wherein during operation, heat generated by the LEDs passes through the circuit board and then said heat is | Plain and ordinary meaning. <br><br> **Intrinsic Evidence** <br><br> '245 Patent, Abstract, 1:26-9:67, cl. 1-28; | Indefinite under 35 U.S.C. § 112 ¶2. <br><br> **Intrinsic Evidence** <br><br> • '245 Patent, Abstract, 2:1-7, 2:44-49, 3:15-38, 4:49-57, 5:27-54, 8:3-60, Figs. 5-6. |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| dissipated by the array of fins without the use of a fan" <br><br> ['245 Patent, Claim 21] | Figs. 1-9; '187 and related patent file histories. | • '245 file history, including, e.g., Patent Application filed June 13, 2007 (U.S. Application No. 11/818,216), Non-Final Office Action, dated Jan. 29, 2009 (U.S. Application No. 11/818,216), Applicant's Reply to Non-Final Office Action with Amendments, dated July 6, 2009 (U.S. Application No. 11/818,216), and Notice of Allowance, dated Sept. 9, 2009 (U.S. Application No. 11/818,216). <br><br> **Extrinsic Evidence:** <br><br> Expert Declaration of Michael Gershowitz, PE. <br><br> Defendant anticipates relying on the testimony of Michael Gershowitz, PE (by declaration). Mr. Gershowitz may testify regarding his background, the background of the subject matter discussed in the '245 Patent, and the level of one of ordinary skill in the art. He may also testify in support of Defendant's proposed claim constructions, including addressing the intrinsic evidence and whether a POSITA would understand the scope of "wherein during operation, heat generated by the LEDs passes through the circuit board and then said heat is dissipated by the array of fins without the use of a fan" with reasonable certainty. The Defendant reserves the right to introduce additional expert declarations or testimony to rebut Plaintiff's claim construction positions, and any expert declarations or testimony introduced by Plaintiff. |
| "a light engine assembly mounted to the receiver" <br><br> ['245 Patent, Claim | Plain and ordinary meaning. <br> **Intrinsic Evidence** | Indefinite under 35 U.S.C. § 112 ¶2 <br><br> **Intrinsic Evidence** |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| 21] | '245 Patent, Abstract, 1:26-9:67, cl. 1-28; Figs. 1-9; '187 and related patent file histories. | • '245 Patent, 1:28-56, 3:1-46, 4:11-4:18, 5:27-53, 8:13-22, Figs. 1, 5–8.<br>• '245 file history, including, e.g., Patent Application filed June 13, 2007 (U.S. Application No. 11/818,216), Non-Final Office Action, dated Jan. 29, 2009 (U.S. Application No. 11/818,216), Applicant's Reply to Non-Final Office Action with Amendments, dated July 6, 2009 (U.S. Application No. 11/818,216), and Notice of Allowance, dated Sept. 9, 2009 (U.S. Application No. 11/818,216).<br><br>**Extrinsic Evidence:**<br><br>Defendant anticipates relying on the testimony of Michael Gershowitz, PE (by declaration). Mr. Gershowitz may testify regarding his background, the background of the subject matter discussed in the '245 Patent, and the level of one of ordinary skill in the art. He may also testify in support of Defendant's proposed claim constructions, including addressing the intrinsic evidence and whether a POSITA would understand the scope of "a light engine assembly mounted to the receiver" with reasonable certainty and whether the claim term has antecedent basis. The Defendant reserves the right to introduce additional expert declarations or testimony to rebut Plaintiff's claim construction positions, and any expert declarations or testimony introduced by Plaintiff. |
| "resides against"<br><br>['187 Patent, Claim 1] | Plain and ordinary meaning.<br><br>**Intrinsic Evidence** | "is in direct mechanical contact with"<br><br>**Intrinsic Evidence**<br><br>• '187 Patent, Abstract, 2:24-36, |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | '187 Patent, Abstract, 1:27-14:14, cl. 1-22; Figs. 1-13; '187 and related patent file histories. | 3:42-46, 4:26-34, 6:51-64, 7:63-8:16, 9:28-42, 11:35-47, cl. 1, Figs. 11-12.<br><br>• '187 file history, including, e.g., Patent Application filed August 8, 2016 (U.S. Application No. 15/231,173), Notice of Allowance, dated Nov. 30, 2016 (U.S. Application No. 15/231,173).<br><br>• '690 file history, including, e.g., Patent Application filed Sept. 11, 2015 (U.S. Application No. 14/851,084); '019 file history, including, e.g., Patent Application filed Nov. 17, 2014 (U.S. Application No. 14/543,622); '325 file history, including, e.g., Patent Application filed Aug. 6, 2012 (U.S. Application No. 13/567,488); '555 file history including, e.g., Patent Application filed May 18, 2009 (U.S. Application No. 12/454,436); '245 file history, including, e.g., Patent Application filed June 13, 2007 (U.S. Application No. 11/818,216).<br><br>**Extrinsic Evidence:**<br><br>• American Heritage Dictionary (4th ed. 2006): (definition of "reside") ("to be inherently present") See LMPG_0007865-7867<br><br>• American Heritage Dictionary (4th ed. 2006): (definition of "against") ("in contact with so as to rest or press on"). See LMPG_0007853-7855<br><br>• Collins English Dictionary (2005): (definition of "reside") ("to be |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | | inherently present (in)"). See LMPG_0007868-7870<br><br>• Collins English Dictionary (2005): (definition of "against") ("coming in contact with"). See LMPG_0007856-7858 |
| "affixed to"<br>['187 Patent, Claim 1] | Plain and ordinary meaning.<br><br>**Intrinsic Evidence**<br><br>'187 Patent, Abstract, 1:27-14:14, cl. 1-22; Figs. 1-13; '187 and related patent file histories. | "fastened or secured to"<br><br>**Intrinsic Evidence**<br><br>• '187 Patent, 3:18-19, 3:42-46, 4:18-20; 5:35-41, 6:44-51, 7:16-27, cl. 1, Figs. 1, 11-12.<br><br>• '187 file history, including, e.g., Patent Application filed August 8, 2016 (U.S. Application No. 15/231,173), Notice of Allowance, dated Nov. 30, 2016 (U.S. Application No. 15/231,173).<br><br>• '690 file history, including, e.g., Patent Application filed Sept. 11, 2015 (U.S. Application No. 14/851,084); '019 file history, including, e.g., Patent Application filed Nov. 17, 2014 (U.S. Application No. 14/543,622); '325 file history, including, e.g., Patent Application filed Aug. 6, 2012 (U.S. Application No. 13/567,488); '555 file history including, e.g., Patent Application filed May 18, 2009 (U.S. Application No. 12/454,436); '245 file history, including, e.g., Patent Application filed June 13, 2007 (U.S. Application No.s).<br><br>**Extrinsic Evidence:**<br><br>• American Heritage Dictionary (4th ed. 2006): (definition of "affix") ("to secure to something; attach"). See LMPG_0007847-7849 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | | • Collins English Dictionary (2005): (definition of "affix") ("to attach, fasten, join, or stick"). See LMPG_0007850-7852 |
| "a front flange that defines a first internal mounting surface, and a side wall that extends between the rear wall and the front flange" ['187 Patent, Claim 1] | Plain and ordinary meaning. **Intrinsic Evidence** '187 Patent, Abstract, 1:27-14:14, cl. 1-22; Figs. 1-13; '187 and related patent file histories. | Indefinite under 35 U.S.C. § 112 ¶2 **Intrinsic Evidence** • '187 Patent, 6:46-51, cl. 1, 5, 13, 20; Figs. 11-12. • '187 file history, including, e.g., Patent Application filed August 8, 2016 (U.S. Application No. 15/231,173), Notice of Allowance, dated Nov. 30, 2016 (U.S. Application No. 15/231,173). • '690 file history, including, e.g., Patent Application filed Sept. 11, 2015 (U.S. Application No. 14/851,084); '019 file history, including, e.g., Patent Application filed Nov. 17, 2014 (U.S. Application No. 14/543,622); '325 file history, including, e.g., Patent Application filed Aug. 6, 2012 (U.S. Application No. 13/567,488); '555 file history including, e.g., Patent Application filed May 18, 2009 (U.S. Application No. 12/454,436); '245 file history, including, e.g., Patent Application filed June 13, 2007 (U.S. Application No. 11/818,216). **Extrinsic Evidence:** Expert Declaration of Michael Gershowitz, PE. Defendant anticipates relying on the testimony of Michael Gershowitz, PE (by declaration). Mr. Gershowitz may testify regarding his background, the background of the subject matter discussed in the '187 |

| Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | | Patent, and the level of one of ordinary skill in the art. He may also testify in support of Defendant's proposed claim constructions, including addressing the intrinsic evidence and whether a POSITA would understand the scope of "a front flange that defines a first internal mounting surface, and a side wall that extends between the rear wall and the front flange" with reasonable certainty. The Defendant reserves the right to introduce additional expert declarations or testimony to rebut Plaintiff's claim construction positions, and any expert declarations or testimony introduced by Plaintiff. |

### III.    P.R. 4-3(a)(3): Anticipated Length of Claim Construction Hearing

The Parties respectfully request 2 hours for the Claim Construction Hearing, divided as one hour for the Defendants and one hour for Plaintiff.

### IV.    P.R. 4-3(a)(4): Use of Witnesses During Claim Construction Hearing

The Parties do not intend to call any witnesses during the Claim Construction Hearing.

### V.    P.R. 4-3(a)(5): Prehearing Conference

The Parties do not believe that a prehearing conference prior to the Claim Construction Hearing is necessary.

### VI.    Other Issues

The Parties are not aware of any additional issues which might appropriately be taken up during the Claim Construction Hearing.

Dated:  March 13, 2026

Respectfully Submitted,

/s/ Christopher A. Honea
M. Scott Fuller
Texas Bar No. 24036607
Email: sfuller@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
Email: rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
Email: chonea@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

*Attorneys for Plaintiff ElectraLED, Inc.*

/s/ Howard J. Susser
Howard J. Susser (admitted pro hac vice)
ArentFox Schiff LLP
800 Boylston Street
32nd Floor
Boston, MA 02199
Tel: 617-973-6100
Email: howard.susser@afslaw.com

Kevin J. Spinella (admitted pro hac vice)
ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, DC 20006
Tel: 202-857-6000
Email: kevin.spinella@afslaw.com

Bruce Morris
Texas Bar. No. 14469850
Kane Russell Coleman Logan PC
5151 San Felipe Street, Ste 800
Houston, TX 77056
Tel: 713-425-7450
Email: bmorris@krcls.com

*Counsel for Defendant LMPG, Inc.*

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT                    10