## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ELECTRALED, INC.,<br><br>　　　　　*Plaintiff*,<br><br>v.<br><br>LMPG INC.,<br><br>　　　　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-00338-JRG-RSP |

## <u>MEMORANDUM ORDER</u>

Before the Court is Defendant's Motion to Transfer to the District of Massachusetts. **Dkt. No. 16**. In the Motion, Defendant argues that Massachusetts is a more convenient venue for the above-captioned case. *Id.* at 1. Having considered the Motion, and for the reasons discussed below, the Court finds that Defendant's Motion should be, and hereby is, **GRANTED**. Therefore, it is **ORDERED** that the above-captioned case is **TRANSFERRED** to the District of Massachusetts.

## I.     LEGAL STANDARD

### A.     Venue

The Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it

1

must be a regular and established place of business; and (3) it must be the place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

When challenged, the plaintiff has the burden of establishing that venue is proper under 28 U.S.C. §1400(b). *In re: ZTE (USA) Inc.,* 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). "A court may decide whether venue is improper based upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *AGIS Software v. T-Mobile USA Inc.*, No. 2:21-cv-72-JRG-RSP, 2021 WL 6616856, at *1 (E.D. Tex. Nov. 10, 2021) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)), *R&R adopted*, 2022 WL 178804 (E.D. Tex. Jan. 19, 2022).

### B.    Transfer

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private

and public factors provided in *Volkswagen I.*

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL

3

6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II.   <u>ANALYSIS</u>

### A.   Venue

Defendant is a foreign company and is therefore a resident of "any judicial district" under 28 U.S.C. § 1391. A patent infringement suit "may be brought in the judicial district where the defendant resides." 28 U.S.C. § 1400. Therefore, venue is proper in either the Eastern District of Texas or the District of Massachusetts.

### B.   Transfer

#### 1.   *Private Interest Factors*

Defendant argues that the first factor – ease of access to sources of proof – favors transfer, because "vast majority of documents regarding the research, development, and implementation of the accused products, as well as other documents regarding the accused products, such as financial or sales and marketing information, are at LMPG's USA headquarters in Boston," in the transferee forum. Dkt. No. 16 at 7. Defendant argues that there are "no unique, relevant sources of proof in this District," because they have no physical presence in Texas. For the second prong, Defendant notes that Massachusetts is the more convenient venue for willing witnesses, because most of Defendant's employees are in Massachusetts or Quebec, with only "a few sales/applications personnel located in Dallas and Austin, Texas that have no relation to the accused product line." *Id.* at 8-9.[1] For the third prong, Defendant argues that it is neutral, because Plaintiff has not identified any unwilling witnesses within the Court's subpoena power. *Id.* at 10. Finally, Defendant

---

[1] Parts of the Dallas-Fort Worth area are in the Eastern District of Texas. Neither party alleges any employees reside or work in the Eastern District of Texas.

argues that litigation in Texas is impractical, because neither Party has a connection, and argues that transfer would cause little delay, given the case's early stage. *Id.* at 11.

Plaintiff argues that Defendant fails to argue the first prong, because it does not identify any specific proof within the transferee forum, nor does it identify why such proof is less accessible from Texas. Dkt. No. 34 at 4. Plaintiff points to several sources of evidence in Texas, such as Plaintiff's law office in Tyler, and Defendant's Texas-based employees. *Id.* at 6. For the second prong, Plaintiff identifies a single relevant witness within the Court's subpoena power, and notes that Defendant fails to identify *any* unwilling witnesses within the transferee forum's subpoena power. *Id.* at 8. For the third prong, Plaintiff notes that for these Texas-based employees, the inconvenience of travel is much less to Marshall than Massachusetts. *Id.* at 9. Plaintiff adds that for its employee-witnesses, Marshall is ~400 miles closer to Plaintiff's Florida headquarters than Massachusetts.

While Plaintiff identifies several individuals related to Defendant located in Texas, Plaintiff fails to articulate to any significant degree *why* these individuals are relevant to the case, and why these individuals' contributions outweigh Defendant's significant presence in Massachusetts. The Court is not persuaded by Plaintiff's argument that Defendant's "access to proof" argument lacks specificity. Defendant notes that the "accused products were engineered, developed, and sold at [Defendant's U.S.] headquarters in Boston," and thus "the vast majority of documents regarding the research, development, and implementation of the accused products, as well as other documents regarding the accused products, such as financial or sales and marketing information" are in Boston. Given that most of the evidence is located in the transferee venue, the first factor favors transfer. Because neither party has identified any unwilling witnesses, the second factor is neutral. For the third factor, the Court finds that it slightly favors transfer. While Plaintiff

has identified several willing witnesses in Florida and Texas, most willing witnesses are closer to the transferee forum, given Defendant's significant presence in Massachusetts and Quebec. Finally, the Court finds that "all other practical" problems is neutral, given the parties' stipulations.

Given that one private factor is neutral, three favor transfer and none weigh against it, the Court finds that the private interest factors favor transfer.

### 2. Public Interest Factors

Defendant argues that the transferee forum has a stronger local interest, because (1) its U.S. subsidiary is headquartered in Boston, (2) "all work on the research, development, and implementation of the accused technology occurred there," and (3) because the "vast majority" of likely witnesses are in Boston. Dkt. No. 16 at 12. Defendant adds that apart from "a couple" of employees and independently operated showrooms in Texas, there is no connection with Texas. *Id.* For the second factor – court congestion – Defendant argues that it is "at worst neutral," despite the Eastern District of Texas's faster time to trial, because it is "the most speculative" factor, and should not be exclusively relied upon. *Id.* (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)). Finally, Defendant concedes the third prong – familiarity with governing law and conflicts of law – is neutral, because both courts are equally familiar with patent law. *Id.* at 14.

Plaintiff argues that because Defendant has not sufficiently connected the transferee forum to the alleged infringement, the "local interest" prong does not favor transfer. Dkt. No. 34 at 10-22. Plaintiff notes that "the events that gave rise to this suit are [Defendant's] unauthorized selling of infringing products" through distributors located in the district. *Id.* Plaintiff adds that the deposition of Ken Bruns, a former employee of Defendant, states that "most" product development occurred in Canada, not Massachusetts. Plaintiff argues that Court congestion disfavors transfer,

6

because of the Court's faster time to trial, as compared to the transferee forum. *Id.* at 11. Defendant concedes as neutral the "familiarity with governing law and conflicts of law" factor.

The Court is persuaded that local interests favor transfer. Defendant's U.S. headquarters is in the transferee forum, and neither party has any meaningful connection with Texas. Plaintiff's complaint alleges that Defendant "continues to make, use, sell, offer to sell, and/or import" and not just sell the accused products, the Court is not persuaded by Plaintiff's argument that the "the events that gave rise to this suit are [Defendant's] unauthorized selling of infringing products."

The Court is not persuaded by Plaintiff's argument that the transferee forum lacks a local interest, because "much" of Defendant's development work occurred in Canada, rather than in the transferee forum. Given Defendant's significant presence in the transferee forum, Defendant's lack direct presence in the Eastern District of Texas, and the nationwide nature of the infringement, local interests favor the transferee forum.

The Court finds, however, that Court congestion favors the Eastern District of Texas, given its significantly faster time to trial. Given that the remaining factors are neutral, and that there is only a slight preference for Plaintiff on the Court congestion prong, the Court finds that the public interest factors do not disfavor transfer.

## III.    **CONCLUSION**

For the reasons discussed above, the Defendant's Motion is **GRANTED**. Therefore, it is **ORDERED** that the above-captioned case be **TRANSFERRED** to the District of Massachusetts.

**SIGNED this 31st day of March, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE